**Richard L. REESE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 95–146.

Supreme Court of Wyoming.

Jan. 31, 1996.

Richard L. Reese, pro se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Mark T. Moran, Assistant Attorney General, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Appellant Richard Reese appeals from a district court's denial of a motion for sentence reduction. Appellant also asks this court to revisit its decision affirming the revocation of probation in *Reese v. State,* 866 P.2d 82 (Wyo.1993). We dismiss the appeal for lack of jurisdiction and decline to reconsider our earlier revocation of probation opinion.

Appellant's appeal must be dismissed because the district court lacked jurisdiction to consider the motion for sentence reduction. After probation was revoked, appellant filed no less than three motions for sentence re-

duction. There is some confusion as to whether the motion, the subject of this appeal, styled as a "Motion for Reconsideration" (hereinafter final motion) was a motion to reconsider or a new motion in its own right. It makes no difference, however, since in either case the motion was untimely.

Motions to reduce a sentence may be made pursuant to W.R.Cr.P. 35(b). That rule, however, provides that any such motion must be brought within one year after sentence is imposed or probation revoked. In this case, appellant's probation was revoked on March 9, 1993, while his final motion for sentence reduction was filed on May 1, 1995, clearly beyond the one-year time frame of Rule 35(b). Any motion filed beyond the time period provided may not be considered by the district court; timely filing is a jurisdictional requirement. *Stewart v. State*, 654 P.2d 727 (Wyo.1982). Additionally, even if the final motion was a motion to reconsider an earlier motion, the district court still lacked jurisdiction as that earlier motion was filed on December 27, 1994, again more than a year after appellant's probation had been revoked.

Inasmuch as the district court lacked jurisdiction, this court is without jurisdiction to consider the appeal. *Stewart*, 654 P.2d at 727.

Appeal dismissed.