2001 WY 121

**Clifford TOMLIN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 00–175.**

Supreme Court of Wyoming.

Dec. 10, 2001.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; Diane E. Courselle, Director, and Casey Martin, Student Intern, of the Wyoming Defender Aid Program.   Argument by Mr. Martin.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General; Theodore E. Lauer, Director, and Patrick A. McWilliams, Student Intern, of the Prosecution Assistance Program.   Argument by Mr. McWilliams.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1]   Appellant Clifford Tomlin appeals the denial of his motion for sentence reduction filed pursuant to Rule 35(b) of the Wyoming Rules of Criminal Procedure.   He argues that the trial court erred when it determined that it did not have jurisdiction to consider the motion.   We find the district court did have jurisdiction and accordingly vacate the order denying Tomlin's motion for sentence reduction and remand to the district court for a full adjudication.

### ISSUE

[¶ 2]   Appellant presents one issue for review:

Did the trial court err when it concluded that it was without jurisdiction to consider Mr. Tomlin's potentially meritorious mo-

tion for sentence reduction, even though the motion was filed within one year after Mr. Tomlin's appeal was dismissed, and there were no other conceivable jurisdictional barriers to preclude the trial court from hearing defendant's motion?

Appellee rephrases the issue thus:

Did the district court have jurisdiction over Appellant's motion for sentence reduction, which was filed more than a year after revocation of Appellant's probation, but less than a year after Appellant voluntarily dismissed his appeal from the district court's order revoking his probation?

## FACTS

[¶ 3]   In 1997 Tomlin was convicted of aggravated assault and sentenced to five to seven years in the state penitentiary. The sentence was suspended, and Tomlin was placed on probation for four years. In 1998 Tomlin violated the terms of his probation, and his probation was revoked in December 1998. Tomlin timely appealed the order revoking his probation. In July 1999 this Court granted a motion for voluntary dismissal filed by Tomlin and entered an order dismissing Tomlin's appeal.

[¶ 4]   Pursuant to W.R.Cr.P. 35(b), Tomlin filed two motions for reduction of sentence with the trial court prior to December 1999. The trial court denied both motions on their respective merits. In February 2000 Tomlin filed a further W.R.Cr.P. 35(b) motion for sentence reduction. The trial court denied the motion stating only that it was without jurisdiction to hear the matter.

## STANDARD OF REVIEW

[¶ 5]   This Court reviews jurisdictional matters de novo. *Thomas v. Thomas*, 983 P.2d 717, 719 (Wyo.1999) ("Jurisdictional issues present questions of law which we review de novo.").

## DISCUSSION

[¶ 6]   Motions for sentence reduction may be brought pursuant to W.R.Cr.P. 35(b), which contains certain time requirements:

(b) *Reduction.*—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation.

If a motion to reduce a sentence is filed outside of the prescribed time limits, the district court is deprived of jurisdiction to hear the motion. *Reese v. State*, 910 P.2d 1347, 1348 (Wyo.1996).

[¶ 7]   The question in this case is the effect of this Court's order dismissing Tomlin's appeal in response to his motion for voluntary dismissal. Tomlin argues that the order clearly falls within the language of W.R.Cr.P. 35(b) allowing motions for sentence reduction to be filed "within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation." Tomlin argues that W.R.Cr.P. 35(b) makes no distinction between voluntary and involuntary dismissals and that an order dismissing an appeal, for any reason, constitutes an order "having the effect of upholding . . . . probation revocation." Thus, since Tomlin's motion was filed within one year of the order of this Court dismissing his appeal, he concludes the motion was timely under W.R.Cr.P. 35(b), and the district court had jurisdiction.

[¶ 8]   The State argues that the order only acknowledged a voluntary dismissal by Tomlin and did not constitute a ruling on the merits of the controversy. As such, contends the State, the order cannot have the "effect of upholding" an order revoking probation. The State argues that an order revoking probation can only be "upheld" by an appellate court after the appeal has been perfected and the issues submitted to the appellate court for determination. According to the State, because an order dismissing an appeal

upon a motion of the appellant for voluntary dismissal does not fall within the language of W.R.Cr.P. 35(b), it should be disregarded for purposes of the rule. The State argues that, absent any appellate court order on the merits, any motion for sentence reduction must be filed within one year of the order revoking probation. The State concludes that Tomlin's February 2000 motion was not filed within one year of his probation revocation, leaving the district court without jurisdiction to consider the motion.

[¶ 9]   We cannot agree with the position espoused by the State. The language of the rule is plain and unambiguous. The rule simply requires an order from this Court that has the effect of upholding a probation revocation. A dismissal of an appeal, on any grounds, certainly has the effect of upholding the order appealed from, in this case an order revoking probation. This particular clause requires nothing more.

[¶ 10]   This interpretation is strengthened upon a reading of the rule as a whole. A separate clause in W.R.Cr.P. 35(b) allows for an extension of time upon the issuance of a mandate of this Court, "issued upon affirmance of the judgment or dismissal of the appeal." This clause covers appellate decisions on the merits of an appeal. The clause

at issue, the final clause, would become redundant if it only applied to appellate decisions on the merits. Obviously, the final clause must cover orders or judgments that do not necessarily result in the issuance of a mandate from this Court. Thus, through the inclusion of these two separate clauses, the language of the rule clearly anticipates a large variety of orders and judgments originating from this Court, including an order dismissing an appeal upon a motion for voluntary dismissal.

### CONCLUSION

[¶ 11]   Because Tomlin's motion for reduction of sentence at issue was filed within one year of this Court's order dismissing his appeal of the order revoking his probation, the district court had jurisdiction to consider the motion. We vacate the order denying Tomlin's motion for sentence reduction and remand to the district court for a full adjudication.[1]

---

1.   We obviously make no determination as to the merits of any motion by Tomlin for sentence

reduction.