**2009 WY 99**

**Christopher Duane GREENE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–09–0014.**

Supreme Court of Wyoming.

Aug. 18, 2009.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel.

1. This statute is quoted in paragraph 8 below.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jenny Lynn Craig, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   Christopher Greene entered guilty pleas to three felony charges of obtaining controlled substances by misrepresentation, and no contest to a charge of attempting to obtain property by false pretenses.   He now appeals his convictions on two of the felony charges, and challenges the sentence imposed by the district court.   We will affirm.

### ISSUES

[¶ 2]   Mr. Greene sets forth these two issues:

1.   Should Mr. Greene's first two convictions have been misdemeanors?

2.   Did the trial court err by not making a finding of Mr. Greene's status under the Addicted Offender Accountability Act?

### FACTS

[¶ 3]   On June 13, 2007, an Information was filed against Mr. Greene charging him with two felony counts of obtaining controlled substances by misrepresentation, in violation of Wyo. Stat. Ann. § 35–7–1033(a)(iii) and (b) (LexisNexis 2007).[1]   The affidavit filed in support of the Information asserted, as to the first count, that in November 2006, Mr. Greene altered his prescription for a narcotic pain reliever from 30 tablets to 80 tablets, and obtained the larger amount from a pharmacy in Green River, Wyoming.   As to the second count, the affidavit asserted that in April 2007, he altered and filled another prescription for the same drug, this time from 35 tablets to 85.   He was arrested on these charges on December 5, 2007, and released on bond.

[¶ 4]   On April 20, 2008, a second Information was filed, charging Mr. Greene with attempting to obtain property by false pre-

tenses, in violation of Wyo. Stat. Ann. §§ 6–3–407(a)(i) and 6–1–301(a)(i) (LexisNexis 2007).[2] The supporting affidavit asserted that on March 6, 2008, Mr. Greene attempted to cash two payroll checks he had stolen from a local welding company. He was arrested on this charge on April 27, 2008, and again released on bond.

[¶ 5] On May 16, 2008, a third Information was filed, charging Mr. Greene with two more felony counts of obtaining controlled substances by misrepresentation, also in violation of Wyo. Stat. Ann. § 35–7–1033(a)(iii) and (b) (LexisNexis 2007). The affidavit filed in connection with these charges asserted that, on four occasions ranging from June 11, 2007, to October 29, 2007, Mr. Greene obtained various narcotic pain medications and other controlled substances using forged or altered prescriptions. Mr. Greene was arrested on these charges on June 9, 2008.

[¶ 6] Mr. Greene initially pleaded not guilty to all of the charges. He later reached a plea agreement with the prosecution involving all three cases listed above. On October 8, 2008, he pleaded guilty to three counts of obtaining controlled substances by misrepresentation, and no contest to the charge of attempting to obtain property by false pretenses. In return, the prosecution dismissed one of the counts of obtaining controlled substances by misrepresentation, dismissed other charges pending in a fourth case, and agreed not to pursue certain other potential charges not specified in the record. On December 3, 2008, the district court sentenced Mr. Greene to terms of three to five years on each of the three counts of obtaining controlled substances by misrepresentation, and a term of four to eight years on the count of attempting to obtain property by false pretenses. All sentences were to be served concurrently. Mr. Greene appealed.

### STANDARD OF REVIEW

[¶ 7] Both of Mr. Greene's issues require us to interpret and apply Wyoming statutes. "Statutory interpretation is a question of law, so our review is *de novo.*" *Qwest Corp. v.*

2. As Mr. Greene does not challenge his conviction on this charge, we need not focus on the

*Public Service Comm'n,* 2007 WY 97, ¶ 3, 161 P.3d 495, 497 (Wyo.2007). "We attempt to determine the legislature's intent based primarily on the plain and ordinary meaning of the words used in the statute." *Krenning v. Heart Mt. Irrigation Dist.,* 2009 WY 11, ¶ 9, 200 P.3d 774, 778 (Wyo.2007). "If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute." *RK v. State ex rel. Natrona County Child Support Enforcement Dep't,* 2008 WY 1, ¶ 10, 174 P.3d 166, 169 (Wyo.2008).

### DISCUSSION

#### *Issue 1: Felonies or Misdemeanors?*

[¶ 8] "Crimes which may be punished by death or by imprisonment for more than one (1) year are felonies. All other crimes are misdemeanors." Wyo. Stat. Ann. § 6–10–101 (LexisNexis 2007). The crimes for which Mr. Greene was convicted were committed in 2006 and 2007, and he was charged in 2007 and early 2008. During all of that time, the Wyoming statutes specified that the crime of obtaining controlled substances by misrepresentation was a felony:

(a) It is unlawful for any person knowingly or intentionally: . . .

(iii) To acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge. . . .

(b) Any person who violates this section is guilty of a crime and upon conviction may be imprisoned for not more than five (5) years, or fined not more than ten thousand dollars ($10,000.00), or both.

Wyo. Stat. Ann. § 35–7–1033(a)(iii) and (b) (LexisNexis 2007).

[¶ 9] In 2008, the legislature amended this statute. Effective July 1, 2008, the first two convictions of this crime were changed to misdemeanors, while the third and subsequent offenses remained felonies:

(a) It is unlawful for any person knowingly or intentionally:

specific language of this statute.

(iii) To acquire or obtain possession of, to procure or attempt to procure the administration of or to obtain a prescription for any controlled substance by misrepresentation, fraud, forgery, deception or subterfuge. . . .

b) Except as otherwise provided:

(i) A person who is convicted upon a plea of guilty or no contest or found guilty of violating paragraph (a)(iii) of this section is guilty of a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both. . . .

(ii) A person convicted upon a plea of guilty or no contest or found guilty of a second offense of violating paragraph (a)(iii) of this section is guilty of a misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than one thousand dollars ($1,000.00), or both. . . .

(iii) A person convicted upon a plea of guilty or no contest or found guilty of a third or subsequent offense of violating paragraph (a)(iii) of this section is guilty of a felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both.

2008 Wyo. Sess. Laws ch. 83, § 1.[3] Mr. Greene pleaded guilty and was convicted and sentenced after the effective date of this amendment. He now contends that he should have been convicted and sentenced under the amended statute in effect at the time, so that the first two of his three convictions for obtaining controlled substances by misrepresentation should have been misdemeanors rather than felonies.

■ [¶ 10] As a preliminary matter, we question whether Mr. Greene is entitled to raise this claim on appeal. He did not raise it before the district court. In addition, a guilty plea generally constitutes a waiver of all non-jurisdictional defenses. *Walters v.*

*State*, 2008 WY 159, ¶ 26, 197 P.3d 1273, 1280 (Wyo.2008); *Kunselman v. State*, 2008 WY 85, ¶ 11, 188 P.3d 567, 569 (Wyo.2008). Before accepting Mr. Greene's guilty plea, the district court carefully informed him that he could be sentenced to a maximum of five years in prison on each of the three counts of obtaining controlled substances by misrepresentation. These were the felony penalties specified in the version of the statute in effect during 2006 and 2007, not the misdemeanor penalties specified in the 2008 amendment. Mr. Greene never objected to treating the charges as felonies, and never asserted that they should be treated as misdemeanors under the 2008 amendment. By pleading guilty to felony charges, he may have waived his current argument that the first two convictions should be considered misdemeanors.

[¶ 11] We will not decide this claim on the basis of waiver, however. The State has not asserted that Mr. Greene waived the issue, and neither party briefed or discussed the question of waiver. Moreover, Mr. Greene's claim is readily resolved on other grounds.

■ [¶ 12] In a provision sometimes referred to as a "savings" [4] statute, the Wyoming legislature has specified how an amendment to a statute applies to pending cases:

If a statute is repealed or amended, the repeal or amendment does not affect pending actions, prosecutions or proceedings, civil or criminal. If the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of action, prosecutions or proceedings existing at the time of the amendment or repeal, unless otherwise expressly provided in the amending or repealing act.

Wyo. Stat. Ann. § 8–1–107 (LexisNexis 2007). We agree with the State's assertion that "There is nothing ambiguous about this statute and its meaning can be easily dis-

---

3. We note that this statute was amended again in 2009. 2009 Wyo. Sess. Laws ch. 78, § 1. The current version of this statute is therefore different from either version at issue here.

4. *See Johnson v. Safeway Stores, Inc.*, 568 P.2d 908, 915 (Wyo.1977), and *Schakel v. State*, 513 P.2d 412, 414 (Wyo.1973), both referring to this statute (as formerly codified) as "our general savings clause."

cerned from its face: a pending prosecution will not be affected in substance or remedy by an amendment to a statute unless that intent is expressly stated." In the 2008 statutory amendment relied upon by Mr. Greene, there is no legislative language expressing any intent to apply the 2008 amendment to pending prosecutions. 2008 Wyo. Sess. Laws ch. 83, § 1. Absent that express statement of legislative intent in the legislation itself, we apply the unambiguous language of the savings statute to conclude that the 2008 amendment did not affect Mr. Greene's pending prosecutions.

[¶ 13] Our review of Wyoming precedent indicates that we have consistently applied the savings statute in just this way. In *Schiefer v. State*, 774 P.2d 133, 138 (Wyo. 1989), we said that, "Since the most current legislature is silent in the pertinent amending and repealing provisions, the changes cannot affect Schiefer's sentencing if enacted since the crime occurred." *See also Jones v. State*, 771 P.2d 368, 369 n. 2 (Wyo.1989). In fact, this application of the statute is sufficiently well-established that we sometimes discuss it only in abbreviated fashion:

> We will deal with this issue rather perfunctorily, with two observations: first, Appellant's argument, being completely devoid of legal support, can be characterized as little short of bizarre; and second, Wyo. Stat. Ann. § 8–1–107 (LexisNexis 2007) specifically provides that the repeal of a statute "does not affect pending actions, prosecutions or proceedings, civil or criminal." Trial counsel did not provide ineffective assistance by failing to raise this baseless argument.

*Montez v. State*, 2009 WY 17, ¶ 10, 201 P.3d 434, 437–38 (Wyo.2009) (footnote omitted). To similar effect:

> The appellant has offered a fourth argument which we need only mention in passing. He claims that a criminal defendant cannot be prosecuted under a statute that was effective at the time of the criminal offense but repealed before judgment. Section 8–1–107, W.S.1977, answers that contention. It provides: "If a statute is repealed or amended, the repeal or amend-

ment does not affect pending actions, prosecutions or proceedings, civil or criminal." *Caton v. State*, 709 P.2d 1260, 1271 n. 12 (Wyo.1985).

[¶ 14] Mr. Greene directs our attention to a separate statute that, he asserts, expresses legislative intent to apply the 2008 amendment to his pending prosecutions. The statute under which Mr. Greene was convicted is part of the "Wyoming Controlled Substances Act of 1971." Wyo. Stat. Ann. §§ 35–7–1001, 1002(a)(xxviii) (LexisNexis 2007). Mr. Greene relies on another provision of this same Act:

> Prosecution for any violation of law occurring prior to the effective date of this act is not affected or abated by this act. If the offense being prosecuted is similar to one set out in Article V of this act, the penalties under Article V apply if they are less than those under prior law.

Wyo. Stat. Ann. § 35–7–1053(a) (LexisNexis 2007). Mr. Greene asserts that this provision indicates that the legislature meant to apply the 2008 amendment because the penalties specified are less than under prior law. As the statutory language indicates, however, this provision applies to violations that occurred "prior to the effective date of this act." That date was March 4, 1971. *See* 1971 Wyo. Sess. Laws ch. 246, § 57. Mr. Greene's violations did not occur prior to that date, and this statutory provision has no application to offenses committed in 2006 and 2007.

[¶ 15] Mr. Greene cites decisions from a dozen other jurisdictions for the proposition that, when a criminal statute is amended while a prosecution is pending, any changes that benefit the defendant should be applied in the pending case. While there is "a split of authority on the question," *State v. Stafford*, 129 P.3d 927, 929 (Alaska Ct.App.2006), we acknowledge that the proposition advocated by Mr. Greene appears to be the rule in several jurisdictions. For various reasons, however, the cases cited by Mr. Greene are unpersuasive here.

[¶ 16] For example, in some of the cases cited by Mr. Greene, the courts did not rely on specific savings statutes, but on common law principles. *E.g. State v. Urbano*, 256

Neb. 194, 206, 589 N.W.2d 144, 154 (1999); *see also People v. Bloom,* 195 Colo. 246, 252, 577 P.2d 288, 292 (1978), and *People v. Thomas,* 185 Colo. 395, 397–98, 525 P.2d 1136, 1138 (1974) (relying upon both an express statement of legislative intent and the common law). Because the Wyoming legislature has enacted a savings statute that specifies how to apply statutory amendments, we no longer resort to these common law principles. *See* Wyo. Stat. Ann. § 8–1–101 (LexisNexis 2007).

[¶ 17] In fact, none of the cases cited by Mr. Greene dealt with the language of the Wyoming savings statute that we must interpret and apply here. For example, in one case cited by Mr. Greene, the Indiana Court considered a savings statute providing that "Whenever a statute is repealed which repealed a former statute, the former statute shall not thereby be revived unless it shall be so expressly provided." Ind.Code § 1–1–5–1 (1995). This provision applies only to repeals, not amendments. Lacking any indication of legislative intent on how to apply statutory amendments, the Indiana court "approved the view" that "where an amendment to a sentencing statute is ameliorative, the amendment itself is 'a sufficient indication of the legislative intent that it be applied to all [to] whom such application would be possible and constitutional.'" *Elkins v. State,* 659 N.E.2d 563, 565 (Ind.Ct.App.1995), quoting *Lewandowski v. State,* 271 Ind. 4, 6, 389 N.E.2d 706, 707 (1979). Unlike the Indiana legislature, however, our Wyoming legislature has not been silent about how to apply statutory amendments: "If a statute is repealed *or amended,* the repeal *or amendment* does not affect pending actions, prosecutions or proceedings, civil or criminal." Wyo. Stat. Ann. § 8–1–107 (LexisNexis 2007) (emphasis added).

## Issue 2: Addicted Offender Accountability Act

[¶ 18] One purpose of Wyoming's Addicted Offender Accountability Act was to provide alternatives for sentencing "addicted qualified offenders." 2002 Wyo. Sess. Laws ch. 81, Preamble. This Act requires that a person convicted of any felony or a specified misdemeanor must receive a substance abuse assessment as part of his presentence investigation report. Wyo. Stat. Ann. § 7–13–1302 (LexisNexis 2007). Based on that assessment, the district court may determine that the person is a "[q]ualified offender" with "a need for alcohol or other drug treatment." *Id.,* § 7–13–1301(a)(iv). A qualified offender, in lieu of being incarcerated, may receive probation or a suspended sentence, under which he must complete "a treatment program based upon the substance abuse assessment and any other terms and conditions as the court may deem appropriate under the circumstances." *Id.,* § 7–13–1303(a). The Act also specifies, however, that a qualified offender may still be incarcerated under specified circumstances. *Id.,* § 7–13–1303(c).

[¶ 19] Mr. Greene concedes that he received a substance abuse assessment, in compliance with Wyo. Stat. Ann. § 7–13–1302. The record reflects, and Mr. Greene does not dispute, that the assessment was included with the presentence investigation report, and that the district court considered the assessment in determining Mr. Greene's sentence. Mr. Greene complains, however, that the written judgment and sentence issued by the district court contained no express finding of whether Mr. Greene was a qualified offender under the Act. The district court's failure to specify his status as a qualified offender, Mr. Greene contends, "denied him the opportunity for sentencing under the preferred treatment disposition."

[¶ 20] Mr. Greene's position does not square with the unambiguous provisions of the Act. Under the Act, a qualified offender *"may"* receive probation or a suspended sentence, Wyo. Stat. Ann. § 7–13–1303(a) (LexisNexis 2007) (emphasis added), but there is no language in the statute requiring that result. To the contrary, the statute explicitly provides that qualified offenders may be incarcerated if "the interests of justice require a period of incarceration," or if "[n]o adequate treatment alternative exists." *Id.,* § 7–13–1303(c). The record reflects the district court's explicit determination that both of these circumstances were present in Mr. Greene's case.

[¶ 21] Explaining the sentence it was about to impose on Mr. Greene, the district court stated that "justice does require a period of incarceration." Among other reasons for this determination, the district court reminded Mr. Greene that "[j]ust about your entire adult history has been one of committing crimes, and this now makes eight felony convictions for you." The district court also noted that Mr. Greene had been incarcerated for approximately twelve of the past fourteen years, and had not "made the required changes in [his] life to become law-abiding."

[¶ 22] Further, based on Mr. Greene's criminal history, the substance abuse assessment included in his presentence investigation report questioned whether Mr. Greene could qualify for any appropriate treatment program available to a person on probation. The district court echoed this concern. On the other hand, the district court indicated that if Mr. Greene were incarcerated, he could receive treatment in the state penitentiary's "excellent Intensive Treatment Unit."

[¶ 23] Relying upon two of the circumstances specifically mentioned in the Act as justifying incarceration, the district court determined that it was appropriate to incarcerate Mr. Greene whether or not he was a qualified offender. In this case, it simply does not matter whether the district court documented in writing its determination of Mr. Greene's status as a qualified offender. The record confirms that the district court's actions and determinations complied with the requirements of the Addicted Offender Accountability Act.

[¶ 24] Affirmed.