# IN THE SUPREME COURT, STATE OF WYOMING

# 2013 WY 134

### OCTOBER TERM, A.D. 2013

### October 24, 2013

GUILLERMO EDUARDO GOMEZ,

Appellant
(Defendant),

v.                                                                                    S-13-0101

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable David B. Park, Judge*

*Representing Appellant:*
    Guillermo Eduardo Gomez, *Pro se*.

*Representing Appellee:*
    Peter K. Michael, Chief Deputy Attorney General; David L. Delicath, Deputy Attorney General; Jeffrey S. Pope, Assistant Attorney General; Brian J. Fuller, Student Intern.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**VOIGT, Justice.**

[¶1]    The appellant pled guilty to one count of conspiracy to deliver methamphetamine and the district court imposed a sentence of fifteen to twenty years imprisonment. The district court also found the appellant to be a "qualified offender" under the Addicted Offender Accountability Act (AOAA), recommending the appellant complete intensive treatment for substance abuse. This Court affirmed the judgment and sentence. *See Gomez v. State*, 2010 WY 140, 241 P.3d 502 (Wyo. 2010). Soon thereafter, the appellant timely filed his first motion for a sentence reduction, which was denied by the district court and no appeal was taken. Two years after affirmance of his conviction, the appellant filed a second motion, *pro se*, seeking to modify his sentence. The district court denied the motion, finding it untimely, and the appellant now seeks relief from this Court. We dismiss the appeal for lack of jurisdiction because the motion seeking to modify and reduce the appellant's sentence was not filed within the required one-year time period prescribed in W.R.Cr.P. 35(b).

## ISSUE

[¶2]    The threshold issue is one that concerns jurisdiction; accordingly, we restate the controlling issue as follows:

Did the district court have jurisdiction over appellant's motion seeking to modify and reduce his sentence?[1]

## FACTS

[¶3]    In December 2009, the appellant pled guilty to one count of conspiracy to deliver methamphetamine. The district court entered its judgment and sentence on March 17, 2010, imposing a sentence of fifteen to twenty years imprisonment, to be served consecutively with a sentence in a separate case. The district court also found the appellant to be a "qualified offender" under the AOAA and recommended the appellant complete intensive treatment for substance abuse. The appellant took a direct appeal. However, appointed appellate counsel was permitted to withdraw pursuant to the *Anders* procedure.[2] We affirmed the judgment and sentence on October 27, 2010. *See Gomez*, 2010 WY 140, 241 P.3d at 502. In October 2011, the appellant timely filed a motion for sentence reduction, which was denied by the district court and no appeal was taken.

---

[1] Because we answer this question in the negative, we do not have jurisdiction and must dismiss. Thus, we will not address the issues proposed by the parties on whether the district court abused its discretion, or otherwise erred, in denying the motion.

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

1

[¶4]    Two years after affirmance of his conviction, the appellant filed a second motion seeking modification or partial suspension of his sentence.  The appellant contends that, since he was found to be a qualified offender and has completed intensive treatment, the AOAA allows the district court to now modify and partially suspend his sentence.  The district court denied the motion, finding it untimely under W.R.Cr.P. 35(b).  This appeal followed.

## STANDARD OF REVIEW

[¶5]    Jurisdictional matters are reviewed *de novo*. *Tomlin v. State*, 2001 WY 121, ¶ 5, 35 P.3d 1255, 1256 (Wyo. 2001).   Our review is also *de novo* when interpreting a statute, which is a question of law.  *Greene v. State*, 2009 WY 99, ¶ 7, 214 P.3d 222, 224 (Wyo. 2009).

## DISCUSSION

[¶6]    The appellant argues that the district court should have modified or partially suspended his sentence because his motion was filed pursuant to the AOAA, rather than under W.R.Cr.P. 35(b).  He contends that, under the AOAA, there is no time limit as to when a sentence may be suspended; thus, because he is a qualified offender and completed intensive treatment his sentence should be modified.  We disagree.

[¶7]    The AOAA does not create a separate right to subsequently seek modification and reduction of a sentence.  *See* Wyo. Stat. Ann. §§ 7-13-1301 to -1304 (LexisNexis 2013). As we have explained before, the

> purpose of Wyoming's Addicted Offender Accountability Act was to provide alternatives for sentencing "addicted qualified offenders."  2002 Wyo. Sess. Laws ch. 81, Preamble.  This Act requires that a person convicted of any felony or a specified misdemeanor must receive a substance abuse assessment as part of his presentence investigation report. Wyo. Stat. Ann. § 7-13-1302 (LexisNexis 2007).  Based on that assessment, the district court may determine that the person is a "[q]ualified offender" with "a need for alcohol or other drug treatment." *Id*., § 7-13-1301(a)(iv).  A qualified offender, in lieu of being incarcerated, may receive probation or a suspended sentence, under which he must complete "a treatment program based upon the substance abuse assessment and any other terms and conditions as the court may deem appropriate under the circumstances." *Id*., § 7-13-1303(a).  The Act also specifies, however, that a qualified

2

offender may still be incarcerated under specified circumstances. *Id.*, § 7-13-1303(c).

*Greene*, 2009 WY 99, ¶ 18, 214 P.3d at 227. Our study of the AOAA confirms it does not provide the appellant with a separate procedural avenue to seek modification and reduction of his sentence after imposition by the district court.

[¶8] The controlling procedure to modify and reduce a sentence is pursuant to W.R.Cr.P. 35(b). *See Reese v. State*, 910 P.2d 1347, 1348 (Wyo. 1996). "That rule, however, provides that any such motion must be brought within one year after sentence is imposed or probation revoked." *Id.*; *see also Tomlin*, 2001 WY 121, ¶ 6, 35 P.3d at 1256. Specifically, the rule states:

> (b) *Reduction*.—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

W.R.Cr.P. 35(b). In the instant case, the appellant's conviction was affirmed in October 2010. His second motion seeking a sentence modification and reduction was filed in January 2013, well beyond the one year time frame of W.R.Cr.P. 35(b). Consequently, the appellant's motion cannot be considered by the district court because timely filing is a jurisdictional requirement. *Eckdahl v. State*, 2011 WY 152, ¶ 17, 264 P.3d 22, 27 (Wyo. 2011).

## CONCLUSION

[¶9] The district court lacked jurisdiction to consider the appellant's motion, and we, too, are without jurisdiction to consider the appeal.

[¶10] The appeal is dismissed.