GRAY, Justice.
[¶ 1] Appellant Timothy Cooper appeals a district court order denying his motion for sentence reduction. We affirm.
ISSUES
[¶ 2] Mr. Cooper raises two issues which we restate as:
I. Does the Addicted Offender Accountability Act require the release of a qualified offender after he completes treatment while serving a prison sentence?
II. Did the district court abuse its discretion when it denied Mr. Cooper's motion for sentence reduction?
FACTS
[¶ 3] In 2014, Mr. Cooper was charged with felony possession of a controlled substance in violation of Wyo. Stat. Ann. § 35-7-1031(c)(ii) (LexisNexis 2013). The district court released him on bond after his initial appearance. On two separate occasions between the initial appearance and sentencing, the State sought to revoke Mr. Cooper's bond. The first petition to revoke bond, based on failure to check in and provide a urine analysis, was pending at the time of the change of plea hearing. At that hearing, Mr. Cooper pled "no contest" to one count of felony possession of methamphetamine. The district court accepted Mr. Cooper's plea and continued his bond. The second petition to revoke Mr. Cooper's bond was based on Mr. Cooper's alleged use of methamphetamine and marijuana in violation of the terms of his bond. The district court revoked the bond. On February 20, 2015, the district court sentenced Mr. Cooper to five to seven years' incarceration. Finding Mr. Cooper a qualified offender under Wyoming's Addicted Offender Accountability Act (AOAA or "the Act"), Wyo. Stat. Ann. §§ 7-13-1301 et seq. (LexisNexis 2013), the court suspended his sentence in favor of a split sentence of 180 days in jail, subject to early release upon acceptance into an inpatient treatment facility, followed by a period of five years of probation. It appears that Mr. Cooper was released from jail early and successfully completed inpatient treatment.
[¶ 4] In October of 2016, the State sought to revoke Mr. Cooper's probation alleging failure to complete aftercare treatment, failure to keep two office visits with his probation officer, and failure to comply with monetary obligations in the sentence and probation order. Mr. Cooper admitted that he failed to complete aftercare treatment and to missing the office visits. The State withdrew the remaining allegation. The district court revoked Mr. Cooper's probation and reinstated his original sentence. The court again suspended the sentence in favor of another five-year term of probation. The court again found Mr. Cooper was a qualified offender under the AOAA and again *1128 required him to complete inpatient treatment as a condition of probation.
[¶ 5] In February of 2017, the State filed a second petition to revoke Mr. Cooper's probation. The petition alleged that Mr. Cooper had violated the terms of probation by failing to provide proof that he applied for inpatient treatment, testing positive for methamphetamine and marijuana, failing to check in with his probation officer, and failing to provide a valid phone number to his probation officer. After a hearing, the district court found that Mr. Cooper had willfully violated his probation and it revoked Mr. Cooper's probation. The court imposed the underlying sentence of five to seven years' incarceration, explaining "[n]otwithstanding [its earlier] finding that [Mr. Cooper] is a Qualified Offender, the interests of justice require a period of incarceration based upon the circumstances regarding this offender and facts of this case." Mr. Cooper is incarcerated at the Wyoming Honor Farm. While incarcerated, Mr. Cooper has successfully completed treatment programs.
[¶ 6] Mr. Cooper moved for a Rule 35 reduction in sentence within one year of its imposition. W.R.Cr.P. 35(b). The district court denied Mr. Cooper's Rule 35 motion stating that the "court has considered the motion and other submittals in the court file, including the Presentence Investigation Report, and the court can find no good reason to reduce or modify the sentence previously imposed." Mr. Cooper filed a timely notice of appeal.
STANDARD OF REVIEW
[¶ 7] "[T]he interpretation and application of the AOAA ... is a question of law that we review de novo. " Janpol v. State , 2008 WY 21, ¶ 16, 178 P.3d 396, 403 (Wyo. 2008) (citing Alcorn v. Sauer Drilling Co. , 2006 WY 15, ¶ 6, 126 P.3d 924, 925 (Wyo. 2006) ; Reiter v. State , 2001 WY 116, ¶ 7, 36 P.3d 586, 589 (Wyo. 2001) ), abrogated on other grounds by Shull v. State , 2017 WY 14, 388 P.3d 763 (Wyo. 2017). A denial of a motion for sentence reduction is reviewed for abuse of discretion. Boucher v. State , 2012 WY 145, ¶ 6, 288 P.3d 427, 429 (Wyo. 2012).
DISCUSSION
[¶ 8] While Mr. Cooper's contentions are somewhat difficult to follow, we believe his argument is that the denial of his motion for sentence reduction runs afoul of the AOAA. Mr. Cooper argues that once a defendant is found to be a qualified offender under the AOAA, and the defendant completes treatment, the Act requires probation. He also states that his rights to due process and equal protection were violated when the district court denied the motion to reduce his sentence.[1] We will first address the question of whether the AOAA requires release of a qualified offender who completes treatment while incarcerated. We will then turn to the question of whether the district court abused its discretion when it denied Mr. Cooper's motion for sentence reduction.
I. Does the Addicted Offender Accountability Act require the release of a qualified offender after he completes treatment while serving a prison sentence?
[¶ 9] Section 7-13-1303(c) of the AOAA provides that a "qualified offender ... sentenced under this act may be incarcerated if the court concludes on the basis of the evidence" that:
(i) No adequate treatment alternative exists;
*1129 (ii) Under the facts of the case, the interests of justice require a period of incarceration; provided however, under the circumstances, a portion of the sentence may be suspended under the conditions set forth in subsection (a) of this section ;
(iii) The offender refuses to agree to participate in the court ordered treatment program or fails to satisfactorily complete the court ordered treatment program[.]
(Emphasis added.) Section (c)(ii), relied upon by Mr. Cooper, refers back to section (a), which states that:
Except as provided in subsection (c) of this section, notwithstanding any other provision of law, qualified offenders may be placed on probation under W.S. 7-13-301, receive a suspended sentence under W.S. 7-13-302(a) or placed on probation under W.S. 35-7-1037. The sentence or probation order shall set forth the terms of a treatment program based upon the substance abuse assessment and any other terms and conditions as the court may deem appropriate under the circumstances, and require the offender to satisfactorily complete the treatment program. The court shall include in the sentence or probation order any provisions necessary to reasonably protect the health of the offender.
Wyo. Stat. Ann. § 7-13-1303(a) (emphasis added).
[¶ 10] In Duke v. State , 2009 WY 74, ¶¶ 33-34, 209 P.3d 563, 573-74 (Wyo. 2009), we examined the question of whether subsection (a) required courts to sentence qualified offenders to probation and concluded it did not. Recognizing that "the word 'may' when used in a statute is permissive," we held that the statute does not limit trial court discretion in making sentencing decisions. Subsection (a) specifically states that "qualified offenders may be placed on probation." Id. ¶ 34, 209 P.3d at 574 (citing Wyo. Stat. Ann. § 7-13-1303(a), (emphasis in original) ).
[¶ 11] Likewise, the plain text of subsection (c)(ii) does not limit the discretion of the sentencing court. It allows a qualified offender to be sentenced to a period of incarceration if the court finds that "[u]nder the facts of the case, the interests of justice require a period of incarceration; provided however, under the circumstances, a portion of the sentence may be suspended under the conditions set forth in subsection (a)." Wyo. Stat. Ann. § 7-13-1303(c)(ii) (emphasis added). See Duke , ¶ 34, 209 P.3d at 574 ; Greene v. State , 2009 WY 99, ¶ 20, 214 P.3d 222, 227 (Wyo. 2009) ("[A] qualified offender 'may ' receive probation or a suspended sentence ... but there is no language in the statute requiring that result.") (emphasis in original). Subsection (c)(ii) allows a portion of a sentence of incarceration to be suspended at the discretion of the sentencing court.
[¶ 12] The AOAA clearly allows a court to sentence an offender to incarceration. See Wyo. Stat. Ann. § 7-13-1303. The discretion provided to sentencing courts in subsections (a) and (c), extends to a situation where a qualified offender's probation is revoked, and the offender is subject to a period of imprisonment. Subsection (d) provides:
In the event probation is revoked , the court may impose one (1) or more of the sanctions set forth in W.S. 7-13-1102 or 7-13-1107(b) unless the court, in its sole discretion, finds that another disposition, including imprisonment, is necessary under the facts of the case.
Wyo. Stat. Ann. § 7-13-1303(d) (emphasis added).
[¶ 13] The AOAA does not provide an alternative mechanism for qualified offenders to seek a sentence modification. In Gomez v. State , 2013 WY 134, ¶ 4, 311 P.3d 621, 623 (Wyo. 2013), the defendant was identified as a qualified offender under the AOAA and completed intensive treatment while he was incarcerated. After the one-year time deadline for seeking a Rule 35 sentence modification had expired, he argued that the AOAA allows the modification or reduction of a qualified offender's sentence upon completion of drug or alcohol treatment, regardless of the timing. Gomez , ¶ 6, 311 P.3d at 623. We held that the AOAA does not provide a separate procedural avenue to seek modification or reduction of a sentence. Id. ¶ 7, 311 P.3d at 623. We held that the defendant's motion for sentence reduction failed because it was untimely, and we recognized that the AOAA
*1130 specifically allows the incarceration of a qualified offender, even after that offender has undergone treatment. Id . (citing Wyo. Stat. Ann. § 7-13-1303(c) ).
[¶ 14] Mr. Cooper had many opportunities to complete treatment. He failed on two separate occasions resulting in his present incarceration. Now, he wants to be released because he has completed treatment while confined at the Honor Farm. The AOAA does not require the release of an offender who completes treatment while incarcerated.
II. Did the district court abuse its discretion when it denied Mr. Cooper's motion for sentence reduction?
[¶ 15] The purpose of Rule 35"is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant." Hart v. State , 2016 WY 28, ¶ 9, 368 P.3d 877, 879 (Wyo. 2016) (quoting Boucher , ¶ 10, 288 P.3d at 430 ). "The trial judge who sentenced the defendant is in the best position to decide if a sentence reduction is appropriate, and can accept or reject information submitted in support of a sentence reduction at its discretion." Hart , ¶ 9, 368 P.3d at 879 (citing Boucher , ¶ 10, 288 P.3d at 430 ).
[¶ 16] Mr. Cooper repeatedly failed to comply with the terms of his release, twice while on bond and twice while on probation. He admitted to smoking marijuana and methamphetamine, failed to successfully complete aftercare following his inpatient treatment, and failed to undergo a second round of court-ordered inpatient treatment. The district court gave him multiple opportunities to seek treatment and rehabilitation as provided by the AOAA before it sentenced him to a period of incarceration. After he filed his motion for sentence reduction, the district court considered the progress Mr. Cooper made at the Honor Farm, along with the Presentence Investigation Report and other materials in the file. Mr. Cooper has eaten his apple to the core. Mr. Cooper's eventual completion of a treatment program at the Honor Farm does not require the district court to grant his motion for sentence reduction. See Hart , ¶ 10, 368 P.3d at 879. The district court did not abuse its discretion or violate the AOAA when it denied Mr. Cooper's motion for sentence reduction after he successfully completed various treatment programs during his incarceration.
[¶ 17] We affirm.

We interpret Mr. Cooper's references to due process and equal protection to be amplifications of his argument that the district court's denial of his motion for sentence reduction violated the AOAA. To the extent that he is attempting to assert separate constitutional arguments, he has made no cogent argument. We have stated that "[e]ven though a pro se litigant is entitled to some leniency from the stringent standards applied to formal pleadings drafted by attorneys, we still require reasonable adherence to the procedural rules and requirements of the court [and w]e have consistently refused to address claims not supported by cogent argument or citation to pertinent authority" even when presented by a pro se litigant. Silva v. State , 2014 WY 155, ¶ 7, 338 P.3d 934, 936 (Wyo. 2014) (internal citation omitted). Further, Mr. Cooper did not raise those constitutional arguments below, and we will not consider them for the first time on appeal. Id. ¶ 9, 338 P.3d at 936-37.