Steven MONTEZ, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4984.

Supreme Court of Wyoming.

April 5, 1979.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and Carl J. Hildebrand, Student Intern, Laramie, signed the brief and Hildebrand appeared in oral argument on behalf of the appellant.

John J. Rooney, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Cherie Norman, Student Intern, Cheyenne, signed the brief and Ms. Norman appeared in oral argument on behalf of the appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS, and ROSE, JJ., and GUTHRIE, J., Retired.*

PER CURIAM.

Appellant-defendant seeks review of the district court's order denying his motion to reduce sentence under Rule 36,[1] Wyoming

---

\* At the time of oral argument, Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5–1–106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

1. Rule 36. *Correction or Reduction of Sentence.*

"The court may correct an illegal sentence at any time and may correct a sentence im-

posed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce the sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the supreme court having the effect of upholding the judgment of conviction. The court may also reduce a sentence upon revocation of a probation as provided by law."

Rules of Criminal Procedure. Defendant asserts as errors, (1) the district court imposed a second increased sentence after a previously imposed sentence had commenced in violation of defendant's rights under the double jeopardy clause of the Fifth Amendment to the United States Constitution; and (2) the district court abused its discretion under the circumstances of this case by denying defendant's motion for sentence reduction. We will affirm.

 The issue relating to the imposition of a second increased sentence was raised in defendant's direct appeal from conviction. The matter was there considered and decided by this court. *Montez v. State,* Wyo. 1977, 573 P.2d 34, 38–39. The question is governed by the doctrine of the law of the case and the availability of Rule 36 relief, as is true of all other post-conviction relief mechanisms, does not permit a defendant to revitalize and relitigate an issue that has already been considered and decided. See West's Digest System, Criminal Law, 24 C.J.S. Criminal Law § 1606(10); 50 C.J.S. Judgments § 689, pp. 146–148, § 699, p. 156, § 754, pp. 266–268; *Kirk v. State,* 1976, 220 Kan. 278, 552 P.2d 633; *Gallegos v. People,* 1971, 175 Colo. 553, 488 P.2d 887; *Moore v. People,* 1971, 174 Colo. 570, 485 P.2d 114. We note in passing, although in view of our above determination it has no direct bearing on our conclusion, the matters addressed in defendant's brief in this case were not presented to the district court. The most that can be said of the presentation in the district court is that defendant's counsel advised the trial judge that, in his view (and without benefit of *any* authority), the supreme court did not understand, and hence wrongly decided, this issue in our above-cited opinion. Mention was made that defendant was interested in filing a brief and the district judge stated that so far as he was concerned that was permissible. No brief was filed.

 Defendant asserts as well that the district court abused its discretion in denying appellant's motion for sentence reduction, premised on assertions that, (1) the

district court refused to recognize its error in altering appellant's sentence, and (2) appellant has accumulated an excellent record at the Wyoming State Penitentiary. We hold that it is within the scope of broad discretion permitted a district court, on a motion to reduce sentence, to have decided in this particular case that the interest of permanency of sentence was entitled to more weight than the offered matters which suggested reduction of the sentence. *Higby v. State,* Wyo.1971, 485 P.2d 380, 382; *United States v. Jones,* 2nd Cir. 1971, 444 F.2d 89; and 2 Wright, Federal Practice and Procedure, Criminal, § 588; p. 576, fns. 13 and 14. We determined that the district court did not pronounce an illegal sentence. We praise defendant's efforts to serve his debt to society in an exemplary manner. However, we would be usurping the function of the trial court to conclude that it is an abuse of discretion to deny a motion for sentence reduction only because such a demonstration of commendable behavior is made to the district court.

Affirmed.