2012 WY 145

**Donald J. BOUCHER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–12–0045.**

Supreme Court of Wyoming.

Nov. 20, 2012.

Representing Appellant: Diane Lozano, State Public Defender, PDP; Tina N. Olson, Chief Appellate Counsel; Diane E. Courselle, Director, Defender Aid Program; Sara Caty, Student Director.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General.

Before KITE, C.J., and GOLDEN *, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1] After this Court affirmed his six sexual assault convictions in *Boucher v. State*, 2011 WY 2, 245 P.3d 342 (Wyo.2011), Donald J. Boucher filed two motions for sentence reduction, one through counsel and one *pro se*. The district court denied the *pro se* motion without mentioning counsel's motion. Mr. Boucher appeals, claiming the district court erred as a matter of law when it denied his motion without considering his change of circumstances. We find no error and affirm the district court's order.

## ISSUE

[¶ 2] Mr. Boucher asserts the district court erred in denying his motions for sentence reduction. The State asserts the district court properly exercised its discretion and denied the motions upon finding the sentence fair and just.

## FACTS

[¶ 3] After a jury convicted Mr. Boucher on six felony charges involving sexual assault, the district court sentenced him to consecutive prison sentences totaling 30 to 50 years. Mr. Boucher appealed the convictions to this Court and we affirmed. *Boucher, id.* Mr. Boucher timely filed motions for sentence reduction, one through counsel and one

* Justice Golden retired effective September 30, 2012.

*pro se.* In the first motion, he asserted sentence reduction was appropriate based upon his rehabilitation efforts. In his second motion, he asserted it was appropriate not only because of his rehabilitation efforts, but also because he was going blind in both eyes and his condition could be reversed only if he was not incarcerated and able to seek outside medical attention.

[¶ 4] The district court denied the *pro se* motion without a hearing. The order does not mention the motion filed by counsel; however, that motion was based on Mr. Boucher's rehabilitation efforts which he also raised in his *pro se* motion. Therefore, in denying the *pro se* motion the district court effectively ruled on the motion filed by counsel and we treat the latter motion as having been denied.

[¶ 5] In denying Mr. Boucher's motions, the district court considered the following factors: the benefit of finality for the victims; the sentencing court's task "to impose the fairest sentence possible in the first instance" and to reduce a sentence when in retrospect it appears the sentence was not in fact fair, or has become unfair due to unanticipated circumstances; its determination that the sentence imposed in this case was fair and just and imposed only after considering appropriate factors; and Mr. Boucher's motion contained no new information persuading it to reduce the original sentence. Mr. Boucher timely appealed the district court's order denying the motions.

## STANDARD OF REVIEW

[¶ 6] The denial of a motion for sentence reduction is reviewed for abuse of discretion. *Eckdahl v. State*, 2011 WY 152, ¶ 16, 264 P.3d 22, 27 (Wyo.2011). The district court's decision is given considerable deference unless no rational basis exists for its conclusion. *Mack v. State*, 7 P.3d 899, 900 (Wyo.2000). To the extent we are asked to determine whether a court applied the correct rule of law, our review is *de novo*. *Baker v. State*, 2011 WY 123, ¶ 10, 260 P.3d 268, 271 (Wyo.2011).

## DISCUSSION

[¶ 7] Mr. Boucher contends the district court applied the wrong legal standard in considering his motions for sentence reduction. He asserts the district court incorrectly perceived it was precluded from reducing the sentence if it was "fair and just" at the time it was imposed. Mr. Boucher argues that addressing his motions from this perspective effectively denied him the review to which he is entitled. He contends the district court "frankly admitted it did not take [his] successful rehabilitation or any of the developments since incarceration into account." He further asserts the district court relied on factors it should not have in denying his motions. Specifically, Mr. Boucher argues the district court erred in considering the victims' interest in finality and the powers of the governor and parole board to alter prison sentences.

[¶ 8] The State asserts Mr. Boucher misconstrues the district court's ruling. Contrary to Mr. Boucher's interpretation, the State asserts the district court did not find that it *could* not reduce a fair and just sentence; rather, the district court found that it *would* not do so under the circumstances presented in this case. The State maintains that the district court properly considered the evidence Mr. Boucher submitted and was not persuaded to reduce his sentence. Finally, the State asserts the district court considered appropriate factors in denying the motions.

[¶ 9] W.R.Cr.P. 35(b) addresses motions for sentence reduction in pertinent part as follows:

A motion to reduce a sentence may be made, ... within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court ... having the effect of upholding, a judgment of conviction.... The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivi-

sion. The court may determine the motion with or without a hearing.

[¶ 10] The purpose of Rule 35 "is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant." *Patrick v. State*, 2005 WY 32, ¶ 9, 108 P.3d 838, 841 (Wyo.2005), quoting *Nelson v. State*, 733 P.2d 1034, 1035 (Wyo.1987). The sentencing judge is in the best position to decide if a sentence modification is appropriate, *Capellen v. State*, 2007 WY 107, ¶ 29, 161 P.3d 1076, 1084 (Wyo. 2007), and is free to accept or reject information submitted in support of a sentence reduction at its discretion. *Hodgins v. State*, 1 P.3d 1259, 1262 (Wyo.2000).

[¶ 11] In *Montez v. State*, 592 P.2d 1153, 1154 (Wyo.1979), the district court determined the information offered in support of a sentence reduction was entitled to less weight than "the interest of permanency of sentence." We held that determination was "within the scope of broad discretion permitted a district court on a motion to reduce sentence" and upheld the order denying the motion. *Id.* To do otherwise, we concluded, would be to usurp the function of the sentencing court. *Id.* In *Carrillo v. State*, 895 P.2d 463, 464 (Wyo.1995), we reiterated that evidence of a defendant's commendable conduct while incarcerated does not usurp the trial court's discretion to decide whether a sentence reduction is appropriate. In *Hodgins*, 1 P.3d at 1262, we upheld the sentencing court's order denying sentence reduction based upon its finding that the parole board was better suited to decide at the proper time whether early release was appropriate.

[¶ 12] In the present case, the district court had before it two motions for sentence reduction that fully explained Mr. Boucher's rehabilitation efforts and his health issue. Counsel attached to the first motion two letters from the department of corrections detailing Mr. Boucher's progress. Mr. Boucher attached to his *pro se* motion a five page affidavit explaining his progress and his health concerns. The district court's order denying the motions for sentence reduction expressly references Mr. Boucher's *pro se* motion. The fact that the order does not describe the specific information Mr. Boucher and his counsel provided in support of his motion does not establish an abuse of discretion. Nothing in the record supports Mr. Boucher's assertion that the district court did not consider the information provided.

[¶ 13] We also find nothing in the record supporting Mr. Boucher's contention that the district court believed it was precluded from reducing his sentence if the sentence was just and fair when imposed. To the contrary, in its order the district court expressly acknowledges that a court may properly reduce a sentence based upon circumstances that were not anticipated at the time the sentence was imposed. It is clear from the order that the district court simply was not persuaded that when weighed against other factors, such as the gravity of the offenses, the new circumstances warranted a reduction of Mr. Boucher's sentence.

[¶ 14] The district court did not abuse its discretion in denying Mr. Boucher's motions for sentence reduction. The order is affirmed.