2013 WY 1

**Edwin Vincent CONKLE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–12–0151.**

Supreme Court of Wyoming.

Jan. 3, 2013.

Representing Appellant: Pro se.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Theodore R. Racines, Senior Assistant Attorney General; Susan G. O'Brien, Senior Assistant Attorney General.

Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.

DAVIS, Justice.

[¶ 1] Slightly less than one year after his conviction for first-degree sexual abuse of· a minor, Appellant Edwin Conkle filed a pro se motion for a reduction of his sentence. He now seeks review of the district court's denial of that motion. We will affirm.

## ISSUE

[¶ 2]   Without identifying any legal issue, Mr. Conkle offers us only the information he presented to the district court in conjunction with his motion, and asks that we reduce his sentence.   We will construe his filing as a request that we determine whether or not the district court abused its discretion in denying his motion for a reduction of his sentence.

## FACTS

[¶ 3]   In mid-September 2010, 39–year–old Mr. Conkle was working as an apartment manager for the Lockhart Inn in Cody. An 8–year–old girl and her father were staying in one of the apartments.   On September 13, after having a drink in that apartment with Mr. Conkle, the girl's father had to leave for approximately thirty minutes to run some errands.   Mr. Conkle offered to stay and watch Sponge Bob cartoons with the child while the father was gone.

[¶ 4]   Before the girl's father returned, Mr. Conkle interrupted her dinner of pizza rolls and allegedly penetrated her vagina both digitally and lingually.   She reported that abuse to her father, who in turn reported the matter to the Cody Police Department.   Following a brief investigation, the Park County Attorney charged Mr. Conkle with a single count of first-degree sexual abuse of a minor under Wyo. Stat. Ann. § 6–2–314(a)(i) and (b) (LexisNexis 2011), an offense carrying a 50–year maximum term of imprisonment.

[¶ 5]   In late March of 2011, Mr. Conkle and the prosecutor reached a plea agreement and jointly moved for the preparation of a presentence investigation report prior to a combined change of plea and sentencing hearing.   The substance abuse assessment portion of the report addressed Mr. Conkle's alcohol dependence and noted that he was neither able to recognize nor manage his impulse to drink and the circumstances that posed a high likelihood of triggering a relapse.   Consequently, the assessment recommended that he receive high intensity residential treatment, followed by no less than one year of aftercare.

[¶ 6]   The probation officer who prepared the presentence report concurred with the substance abuse assessment and concluded that incarceration was the most appropriate sentence.   She noted that he showed little interest in getting therapy or addressing his substance abuse issues, that he was capable of hurting himself and others if he acted on his aggressive impulses, and that it therefore "may be necessary to protect him from himself and to protect others around him."

[¶ 7]   The parties' plea agreement called for Mr. Conkle to enter a no contest plea to the charged offense and for a stipulation that the affidavit of probable cause filed in support of that charge would constitute the factual basis for his plea.   There was no agreement to a recommended sentence, but the parties anticipated that Mr. Conkle would argue for probation and that the prosecutor would argue for a prison sentence of twenty to twenty-five years.

[¶ 8]   At the combined change of plea and sentencing hearing, Mr. Conkle's counsel called four witnesses: Mr. Conkle's father, mother, wife, and daughter.   Collectively they portrayed him as an exceptionally caring and involved family man, husband and father.   They told the district judge that his entire family needed him at home, especially his daughters and his wife, who suffered from multiple sclerosis.   The victim's father briefly noted the emotional difficulties he and his daughter had experienced and still experienced as a result of Mr. Conkle's sexual abuse despite their participation in counseling.

[¶ 9]   As anticipated, the prosecutor asked the court to sentence Mr. Conkle to twenty to twenty-five years in prison, far less than the statutory maximum of fifty years.   Mr. Conkle's attorney asked for a suspended sentence and a long term of intensive supervised probation or, alternatively, either a split sentence or a much shorter penitentiary sentence of three to five years.   The district court, after noting that it had considered the plight of Mr. Conkle's family and the life-changing harm he had caused to his young victim, imposed a penitentiary sentence of not less than fifteen nor more than twenty years.

[¶ 10]   In May of 2012, Mr. Conkle filed a timely pro se motion for a sentence reduction, asserting that a sentence reduction was warranted by his good behavior in prison, including his completion of programs relating to anger management, community mindedness, and victim awareness.  He claimed that those programs had given him insight into the impact of alcohol on his life.  Mr. Conkle also suggested that his inability to assist his wife and daughter with their burdens while he was incarcerated further justified a sentence reduction.  After reviewing the record in his case, the motion, and the documents accompanying that motion, the district court denied the motion, concluding that the sentence Mr. Conkle "received as a result of his plea deal was exceptionally reasonable under the circumstances."

## STANDARD OF REVIEW

[¶ 11]   Trial courts enjoy broad discretion to decide whether to reduce a criminal defendant's sentence, and we will not disturb those decisions absent a clear abuse of discretion. *Bonney v. State*, 2011 WY 51, ¶ 8, 248 P.3d 637, 640 (Wyo.2011). We therefore defer to the district court unless we conclude that there could have been no rational basis for its ruling. *Boucher v. State*, 2012 WY 145, ¶ 6, 288 P.3d 427, 429 (Wyo.2012).

## DISCUSSION

[¶ 12]   Mr. Conkle grievously abused an eight-year-old child, shattering forever an innocent world of pizza rolls and Sponge Bob cartoons.  His crime carried a maximum penalty of fifty years in prison.  The prosecutor asked for a sentence of twenty to twenty-five years, and the district court imposed a sentence of fifteen to twenty years.  The court did so only after properly considering both the harm suffered by the child and her father, as well as the burdens Mr. Conkle's family would bear in his absence.  Mr. Conkle does not ask us to find that sentence unreasonable under the circumstances, and if asked, we would find it impossible to do so on the record presently before us.

[¶ 13]   The only information presented by the motion for sentence reduction that the district court had not already considered at sentencing was that Mr. Conkle completed rehabilitative programs in his first year in prison.  Raising such efforts as the sole or major basis for reducing a sentence is hardly a novelty, and Mr. Conkle's participation in those programs, although commendable, must be viewed in light of the information contained in his presentence investigation report.  His drinking problem requires prolonged treatment and close and relatively long-term monitoring.  Until he was incarcerated, he demonstrated little interest in sustained therapy to manage the aggressive impulses that may or may not be associated with the manic phases of a bipolar disorder. It was hardly unreasonable for the district court to conclude from the record before it that although attending a common course of first-year prison programs was a good start, it was only a relatively small first step toward rehabilitation.

[¶ 14]   We have long held the view that it would be unwise to usurp what is properly a function of the district courts by finding an abuse of discretion in denying a sentence reduction motion simply because it was supported by evidence of a defendant's commendable conduct while incarcerated.  *Carrillo v. State*, 895 P.2d 463, 464 (Wyo.1995) (per curiam); *Montez v. State*, 592 P.2d 1153, 1154 (Wyo.1979)(per curiam); *see also Boucher*, ¶ 11, 288 P.3d at 430.  Nothing in this case persuades us to abandon that view. Consequently, we affirm the district court's denial of Mr. Conkle's motion for sentence reduction.