# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 159

**OCTOBER TERM, A.D. 2013**

**December 24, 2013**

HENRY R. SANCHEZ,

Appellant
(Defendant),

v.

S-13-0140

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Carbon County*
*The Honorable Wade E. Waldrip, Judge*

*Representing Appellant:*
    Henry R. Sanchez, *pro se*.

*Representing Appellee:*
    Peter K. Michael, Wyoming Attorney General; David L. Delicath; Jeffrey S. Pope, Assistant Attorney General.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**VOIGT, Justice.**

[¶1]    A jury convicted the appellant of attempted second-degree murder, aggravated assault and battery, possession of cocaine, and misdemeanor interference. He was sentenced to thirty to forty years for the attempted murder conviction, with lesser sentences to run concurrently. The appellant filed a motion for sentence reduction, which the district court denied. Not convinced the district court had all accurate facts available in making its decision, the appellant filed a motion for reconsideration and it too was denied. The appellant argues on appeal that the district court abused its discretion and violated his due process rights by denying his motions for sentence reduction and ensuing reconsideration. He contends the State committed prosecutorial misconduct by presenting false facts in its traverse to the motion for sentence reduction; as a result, the district court's denial was improper. We find no abuse of discretion by the district court, no violation of the appellant's constitutional rights, and no prosecutorial misconduct. We affirm.

## ISSUES

[¶2]    1.    Did the district court abuse its discretion in denying the appellant's motion for reduction of sentence?

        2.    Were the appellant's constitutional due process rights violated by the district court's denial of his motion to reconsider a sentence reduction?

        3.    Did the State commit prosecutorial misconduct by misstating facts in its traverse to the appellant's motion for reduction of sentence?

## FACTS

[¶3]    Stemming from an attack on his girlfriend, the appellant was convicted of four crimes and sentenced to a combined prison term of thirty to forty years. In arriving at these sentences, the district court considered, *inter alia*, the appellant's Presentence Investigation Report. The report reflected that, between 1977 and 2008, the appellant had been charged with over forty separate crimes resulting in more than twenty-five convictions.

[¶4]    The appellant appealed his conviction and sentence to this Court. *See Sanchez v. State*, 2011 WY 77, 253 P.3d 136 (Wyo. 2011). While his appeal was pending, he filed a motion for a new trial premised upon a claim of recently discovered juror bias, which was denied by the district court. *Id.* at ¶ 10, at 140. We affirmed the conviction, sentence, and denial of the motion for new trial. *Id.* at ¶ 50, at 149. Thereafter, the appellant filed a petition for post-conviction relief. The district court denied relief, and we entered an order denying the appellant's petition seeking a writ of review of that denial.

[¶5]   In the latest salvo, the appellant has filed a motion for sentence reduction.  He provided proof of successful completion of several prison rehabilitation programs, attendance of various counseling sessions, employment at the prison, and being a role model, explaining:

> I came in here [to prison] with a negative view of life.  But I view life in a much better way now.  I communicate, socialize and work with others in a real positive way.  And a lot more, I help others as much as I can if it will help them in a positive way.  I've learned to respect others in authority, as well as fellow inmates.  I have no desire to live life as I did previously.  I want to continue to be productive and give, not take away.  I want to live a humble, honest life.  Owning up to my mistakes and making up for them whenever I have an opportunity to do something for others.

[¶6]   In opposition, the State filed a traverse[1] highlighting the appellant's criminal history.  From that history it cited four of the appellant's many crimes, asserting the breaks in the appellant's criminal history were due to his incarceration.  Specifically, the State argued:

> 4.   The Judgment and Sentence was reviewed by the Wyoming Supreme Court and found to be appropriate.  The State opposes a sentence reduction of any sort as Defendant has already been granted an appropriate sentence, and there is no reason for modification.  With respect to his prior criminal history, the Defendant's criminal history includes the following police contacts:

| 1995 | Driving While Under the Influence of Alcohol |
|------|-----------------------------------------------|
| 1996 | Destruction/Defacement of Property |
| 1999 | Simple Assault; and Driving while Under the Influence of Alcohol, Possession |
| 2005 | Probation Violation- Original Interference with Peace Officer- Injury |

> The gaps in Defendant's criminal history stem from his incarcerations.  The information Defendant presents to [the district court] must be balanced against that in the information

---

[1] A traverse is a "formal denial of a factual allegation made in the opposing party's pleading."  Black's Law Dictionary 1638 (9th ed. 2009).

available before the [district court] at Sentencing. The Defendant has not presented [the district court] with any information that was not available at the time of sentencing, and as such, reduction in sentence would be contrary to the interests of justice. Based on all of the foregoing, nothing new compels the requested reduction.

The State also highlighted that the appellant did not present any pertinent information to the district court that was not available at the time of sentencing. After considering the appellant's motion for sentence reduction, the State's response, and "being otherwise well-advised," the district court entered an order denying the motion.

[¶7]   The appellant, believing the district court was led astray by the State, filed a motion to correct alleged misstatements by the State. Titled "Motion to Correct Prosecuting Attorney's Misstatement of Facts in Opposing Defendant's Motion for Sentence Reduction," he argued the statement in the State's traverse regarding "gaps" in the appellant's criminal history improperly insinuated the appellant did not commit crimes only when he was incarcerated. The appellant clarified he had only been incarcerated for seventy-two days from 1995 through 2005, and urged the district court to focus on his current progress in prison.

[¶8]   Along with his motion to correct misstatements made by the State, the appellant also filed a motion requesting the district court to reconsider a sentence reduction because of the State's misrepresentations. The State's response reaffirmed its previous traverse, explaining its "position remains the same and opposes a sentence reduction of any sort as [the appellant] has already been granted an appropriate sentence, and there is no reason for modification." After reviewing the appellant's request, the State's response, and again being "otherwise well-advised in the premises," the district court denied the appellant's motion to reconsider.

[¶9]   This appeal was timely perfected. The appellant raises three issues, all of which relate to the statements made in the State's traverse.

## DISCUSSION

### Did the district court abuse its discretion in denying the appellant's motion for reduction of sentence?

[¶10]  In his first issue, the appellant claims the district court erred in denying his motion for sentence reduction. We have explained that "[t]rial courts enjoy broad discretion to decide whether to reduce a criminal defendant's sentence, and we will not disturb those decisions absent a clear abuse of discretion." *Conkle v. State,* 2013 WY 1, ¶ 11, 291 P.3d 313, 315 (Wyo. 2013). "Judicial discretion is a composite of many things, among which

3

are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Hodgins v. State*, 1 P.3d 1259, 1261 (Wyo. 2000) (quotations omitted).

[¶11] To support his claim, the appellant argues that the district court relied on two misrepresentations made by the State, resulting in the improper denial of his motion for sentence reduction. First, he argues the district court erred due to reliance on an inaccurate description of his criminal history set forth in the State's traverse. Second, the appellant argues the State's traverse "misrepresented to the district court that [a]ppellant's motion . . . presented no new information to base a modification of sentence on." That is, as the appellant contends, the district court should have reduced his sentence because of his laudable progress while incarcerated—including the completion of numerous rehabilitative programs available at the Wyoming State Penitentiary.

[¶12] While the State's statement regarding the "gaps" in the appellant's criminal history may be inartful, when read in context with the entire traverse, the essence of the State's assertion simply is that the appellant's criminal record is quite lengthy. Furthermore, nothing in the record indicates the district court relied on this statement in reaching its decision. *See e.g., Gailey v. State*, 882 P.2d 888, 892-93 (Wyo. 1994) ("On appeal, this court presumes, in cases tried without a jury, that the court in reaching its decision disregarded improperly admitted evidence unless the record affirmatively shows that the trial court's decision was influenced by improperly admitted evidence."). In fact, the district court not only had the parties' briefs to consider, but additional material such as the appellant's Presentence Investigation Report.

[¶13] With regard to the appellant's claim that his good behavior while in prison justifies a sentence reduction, those facts alone do not require the district court to grant the appellant's motion. *Hodgins*, 1 P.3d at 1261-62. Nor do those facts provide grounds for us to find the district court abused its discretion. *Conkle*, 2013 WY 1, ¶ 14, 291 P.3d at 315. "[I]t would be unwise to usurp what is properly a function of the district courts by finding an abuse of discretion in denying a sentence reduction motion simply because it was supported by evidence of a defendant's commendable conduct while incarcerated." *Id.* We decline to depart from this view in the instant case.

[¶14] After reviewing the entire record and giving the required deference to the district court's determination, we cannot say there was an abuse of discretion. We can only conclude that, after considering everything as a whole, the district court properly denied the appellant's motion for sentence reduction.

***Were the appellant's constitutional due process rights violated by the
district court's denial of his motion to reconsider a sentence reduction?***

[¶15]  The appellant claims the district court's denial of his motion to reconsider resulted in the deprivation of his constitutional right to due process.  We review constitutional claims *de novo*.  *Jacobsen v. State*, 2012 WY 105, ¶ 9, 281 P.3d 356, 359 (Wyo. 2012).  Determinations regarding sentencing must "satisfy the requirements of due process and outside of capital proceedings, sentencing must ensure that the information the sentencing court relies upon is reliable and accurate."  *Peden v. State*, 2006 WY 26, ¶ 12, 129 P.3d 869, 872 (Wyo. 2006) (citations and quotations omitted).

[¶16]  Premised upon the same statements in the State's traverse discussed above, *see supra* ¶ 6, the appellant contends his due process rights were violated when the district court denied his motion to reconsider a sentence reduction even though it had "information concerning the prosecutor's manipulation of the record."  However, as we have already explained, the record does not support the appellant's claim that the district court relied on the misrepresentations by the State.  Indeed, the appellant informed the district court of the alleged misstatements in his motion to reconsider.  Apprised of the appellant's concerns, the district court nevertheless denied to reconsider a sentence reduction after otherwise being fully informed.  It did so with access to the whole case record, including the Presentence Investigation Report and other materials to confirm the appellant's entire criminal history.

[¶17]  The appellant has not met his burden of establishing the district court's reliance on false information.  *See Peden*, 2006 WY 26, ¶ 10, 129 P.3d at 872 ("It is the appellant's burden to establish that the sentencing court in fact rested the sentence on false or improper premises.").  We conclude the district court's denial to reconsider a sentence reduction did not infringe upon the appellant's due process rights.  *See id.* at ¶ 13, at 873; *see also Van Riper v. State*, 999 P.2d 646, 648-49 (Wyo. 2000) (due process not violated where district court considered defendant's corrections and noted them in writing on the PSI); *Blankinship v. State*, 974 P.2d 377, 380 (Wyo. 1999) (district court did not rely on the contested information); *Bloomquist v. State*, 914 P.2d 812, 823 (Wyo. 1996) (disputed matters either not factual or not crucial to sentencing); and *Johnson v. State*, 790 P.2d 231, 232-34 (Wyo. 1990) (due process rights not found to be violated because the appellant failed to carry his burden to establish that the sentencing judge in fact rested the sentence on false or improper premises).

***Did the State commit prosecutorial misconduct by misstating facts
in its traverse to the appellant's motion for reduction of sentence?***

[¶18]  Lastly, the appellant again relies on the two statements contained in the State's traverse and argues such statements constitute prosecutorial misconduct.  For a claim of prosecutorial misconduct, we review the entire record to determine if the prosecutor's

conduct prejudiced the case so as to deprive the appellant a fair proceeding. *Drennen v. State*, 2013 WY 118, ¶ 10, 311 P.3d 116, 121 (Wyo. 2013). "The burden of establishing prosecutorial misconduct rests upon the appellant who raises the issue." *Butcher v. State*, 2005 WY 146, ¶ 39, 123 P.3d 543, 554 (Wyo. 2005) (quoting *Lancaster v. State*, 2002 WY 45, ¶ 32, 43 P.3d 80, 94 (Wyo. 2002)).

[¶19] As we explained above, *see supra* ¶ 12, while the statement regarding "gaps" in the appellant's criminal history was gauche—and at worst not entirely accurate—the gist of the statement was to capture the appellant's lengthy criminal record. After reviewing the record and considering the context, we cannot say the State's comment regarding the appellant's criminal record amounts to misconduct. Even if it could be construed as improper, the appellant has not articulated how it was harmful to him. Indeed, the appellant provides no support that the district court relied on this one sentence and not other readily available information like the Presentence Investigation Report.

[¶20] Similarly, the State's assertion that the "[a]ppellant's motion . . . presented no new information to base a modification of sentence on" is not improper. In fact, this contention technically is correct. While it is commendable that the appellant has made great progress while incarcerated, such accomplishments do not compel a sentence reduction. *See Carrillo v. State*, 895 P.2d 463, 464 (Wyo. 1995).

[¶21] We conclude the two statements in the State's traverse do not amount to prosecutorial misconduct. Furthermore, we find the appellant has not met his burden of proving that prejudice resulted.

## CONCLUSION

[¶22] Finding no abuse of discretion by the district court, no violation of the appellant's constitutional rights, and no prosecutorial misconduct, we affirm.