# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 59

APRIL TERM, A.D. 2014

*May 7, 2013*

DONALD GILMER,

Appellant
(Defendant),

v.

S-13-0249

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
 Donald Gilmer, *pro se*.

*Representing Appellee:*
 Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; and Jennifer Zissou, Assistant Attorney General.

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    Donald Gilmer filed a motion to reduce his sentence based on his good behavior while incarcerated. The district court denied the motion, and Gilmer appeals. We find no abuse of discretion in the court's denial of Gilmer's motion, and we affirm.

## ISSUE

[¶2]    Gilmer filed his appeal *pro se*, and in his statement of the issue he contends that the district court's decision to deny the motion to reduce his sentence was wrong and unjust. The State frames the issue on appeal as follows:

> Gilmer pled guilty to strangulation of a household member and domestic battery. After imposition of his sentence, he filed a motion for sentence reduction due to his good behavior while incarcerated. Did the district court abuse its discretion when it denied this motion?

## FACTS

[¶3]    On March 30, 2012, Gilmer entered a plea agreement by which he agreed to plead guilty to charges of strangulation of a household member, domestic battery, and reckless endangerment, which charges stemmed from an altercation with his wife and her three-year old son. Pursuant to the plea agreement, Gilmer was to receive a sentence of three to five years on the strangulation charge, suspended in favor of five years of supervised probation, a sentence of time served on the battery charge, and a dismissal of the reckless endangerment charge at sentencing. Gilmer was released on bond, pending entry of the judgment and sentence.

[¶4]    On August 15, 2012, the State filed a petition to revoke Gilmer's bond on the ground that he had contact with the victim in violation of the terms of his bond. The State and Gilmer thereafter agreed to modify the terms of the plea agreement to recommend a sentence of three to five years on the strangulation charge to be served concurrent with a one year sentence on the domestic battery charge. The district court entered a sentence to that effect on September 5, 2012.

[¶5]    On July 18, 2013, Gilmer filed a *pro se* motion to reduce his sentence pursuant to Rule 35(b) of the Wyoming Rules of Criminal Procedure. Gilmer cited his good behavior during incarceration and asked that the court move him to a community corrections program or an intensive supervision program. On August 8, 2013, the court entered an order denying Gilmer's motion. Gilmer timely filed a notice of appeal.

1

## STANDARD OF REVIEW

[¶6]   We review a district court's decision on a sentence reduction motion as follows:

> Trial courts enjoy broad discretion to decide whether to reduce a criminal defendant's sentence, and we will not disturb those decisions absent a clear abuse of discretion. *Bonney v. State*, 2011 WY 51, ¶ 8, 248 P.3d 637, 640 (Wyo.2011). We therefore defer to the district court unless we conclude that there could have been no rational basis for its ruling. *Boucher v. State*, 2012 WY 145, ¶ 6, 288 P.3d 427, 429 (Wyo.2012).

*Conkle v. State*, 2013 WY 1, ¶ 11, 291 P.3d 313, 315 (Wyo. 2013).

## DISCUSSION

[¶7]   Rule 35 of the Wyoming Rules of Criminal Procedure provides a defendant the opportunity to request a sentence reduction within one year of the imposition of a sentence.  W.R.Cr.P. 35(b).  The purpose of the rule "is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant." *Boucher v. State*, 2012 WY 145, ¶ 10, 288 P.3d 427, 430 (Wyo. 2012) (quoting *Patrick v. State*, 2005 WY 32, ¶ 9, 108 P.3d 838, 841 (Wyo. 2005)).

[¶8]   Gilmer contends that his good behavior while incarcerated as well as his completion of prison programs established good cause for a sentence reduction and that under such circumstances it was incumbent on the district court to show good cause for denying the motion.  This argument runs afoul of this Court's approach to reviewing decisions on sentence reduction motions based on a defendant's behavior while incarcerated.  This Court consistently has declined to substitute its judgment for that of the sentencing court.

> We have long held the view that it would be unwise to usurp what is properly a function of the district courts by finding an abuse of discretion in denying a sentence reduction motion simply because it was supported by evidence of a defendant's commendable conduct while incarcerated. *Carrillo v. State*, 895 P.2d 463, 464 (Wyo. 1995) (per curiam); *Montez v. State*, 592 P.2d 1153, 1154 (Wyo. 1979) (per curiam); see also *Boucher*, ¶ 11, 288 P.3d at 430.

2

*Conkle*, ¶ 14, 291 P.3d at 315; *see also Sanchez v. State*, 2013 WY 159, ¶ 13, 314 P.3d 1177, 1180 (Wyo. 2013) (fact of good behavior while in prison does not alone require district court to grant sentence reduction motion or provide basis for Court to find an abuse of discretion).

[¶9]    The sentence Gilmer requested through his Rule 35(b) motion was a reduction to probation.  In response, the State points out that Gilmer's plea agreement originally recommended probation and that recommendation was withdrawn after Gilmer violated the terms of his release by contacting the victim of his crimes.  The State contends that to now allow probation would undermine the district court's authority to impose a sentence it deemed reasonable under all of the circumstances.  We agree.  Given the circumstances of the Court's decision to order incarceration and our longstanding precedent regarding sentence reduction motions based on a defendant's behavior while incarcerated, we find no abuse of discretion in the district court's denial of Gilmer's motion to reduce his sentence.

## CONCLUSION

[¶10]  The district court did not abuse its discretion in denying Gilmer's motion to reduce his sentence.  Affirmed.