# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 38

APRIL TERM, A.D. 2023

April 26, 2023

DONALD MICHAEL BULISCO,

Appellant
(Defendant),

v.

S-22-0253

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Carbon County*
The Honorable Dawnessa A. Snyder, Judge

*Representing Appellant:*

Office of the State Public Defender: Diane Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel.

*Representing Appellee:*

Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]  Donald Michael Bulisco appeals from the district court's denial of his motion for sentence reduction.  He argues the court abused its discretion by relying upon the State's misrepresentation of his criminal history when denying his motion.  We affirm.

## ISSUE

[¶2]  Mr. Bulisco raises one issue:

Did the district court abuse its discretion by relying upon the State's incorrect assertion that he had a prior felony domestic assault conviction when it denied his motion for sentence reduction?

## FACTS

[¶3]  In November 2021, Mr. Bulisco pled guilty pursuant to a plea agreement to felony domestic battery, third offense in ten years, in violation of Wyo. Stat. Ann. § 6-2-511(a), (b)(iii) (LexisNexis 2021), for punching his wife in the head and grabbing and pulling her right breast.  In exchange for Mr. Bulisco's guilty plea, the State agreed to recommend a sentence of not less than four years nor more than seven years imprisonment.  At sentencing, the State claimed a sentence of four to seven years in prison was appropriate given the nature of the offense and Mr. Bulisco's "extensive criminal history" which included "multiple domestic assaults [and] a felony domestic assault."  Mr. Bulisco argued for a term of probation.  Among other things, he maintained his criminal history consisted mostly of misdemeanors and demonstrated he "suffers from drug and alcohol issues."  The district court decided probation was not an appropriate sentence, noting, *inter alia*, that Mr. Bulisco's criminal history included a prior felony domestic violence conviction.  The court sentenced him to three to six years imprisonment.  Mr. Bulisco appealed but voluntarily dismissed the appeal several months later.

[¶4]  Mr. Bulisco filed a pro se motion for sentence reduction pursuant to Wyoming Rule of Criminal Procedure (W.R.Cr.P.) 35(b).  He requested the district court reduce his sentence to two to six years imprisonment based on "family hardships," his active participation in domestic violence programming, his positive prison record, his ability to have a stable income if released earlier, the need to help his family, and his remorse for his actions. The State opposed the motion.  It argued a defendant's prior criminal activity was highly relevant to the sentencing decision and claimed Mr. Bulisco had the following domestic violence convictions:  (1) a 2002 misdemeanor domestic assault conviction against his former girlfriend; (2) a 2004 felony fourth-degree domestic assault conviction against his former girlfriend; (3) a 2017 misdemeanor domestic battery conviction and a 2017 misdemeanor interference with an emergency call conviction, both involving his wife; (4) a 2020 misdemeanor domestic battery, second offense in five years, conviction

against his wife; and (5) a 2021 felony domestic battery, third offense in ten years, conviction against his wife (current offense). The State maintained that due to Mr. Bulisco's "propensity to commit domestic violence against multiple long-term partners" and the "very serious" nature of his current offense, "a reduction in sentence would be contrary to the interest of justice." The district court denied Mr. Bulisco's motion for sentence reduction without a hearing.

[¶5]   Mr. Bulisco filed a reply to the State's response to his motion for sentence reduction four days after the district court denied his motion. Relevant here, he claimed he had "no prior felony record even [though] the [State's] response says he does" and maintained his only felony conviction was for the current offense. Several days later, he filed this appeal challenging the district court's denial of his motion for sentence reduction. While this appeal was pending, the State responded in the district court to Mr. Bulisco's reply, stating it had "re-review[ed]" Mr. Bulisco's Presentence Investigation Report (PSIR) and "it does appear that though the top of [the] offense table shows [he] was convicted of Domestic Assault – 4th Degree (F) in Clackamas County Circuit Court [in Oregon] Docket Number CR0501257 with an offense date of 12/29/04, further review of the table actually shows [he] was convicted of a [m]isdemeanor and the remaining counts (including the felony) were dismissed pursuant to plea agreement." It concluded: "The State believes it is appropriate to bring this information to the Court's attention to correct any errors in the record due to the State's initial response; however, the State does believe [Mr. Bulisco]'s sentence is appropriate. [Mr. Bulisco] has shown a consistent propensity to commit acts of domestic violence against his significant others and a reduction in sentence would not be appropriate." The district court took no action regarding Mr. Bulisco's reply or the State's response to that reply.

## STANDARD OF REVIEW

[¶6]   The denial of a motion for sentence reduction is reviewed for abuse of discretion. *Eckdahl v. State*, 2011 WY 152, ¶ 16, 264 P.3d 22, 27 (Wyo. 2011). The district court's decision is given considerable deference unless no rational basis exists for its conclusion. *Mack v. State*, 7 P.3d 899, 900 (Wyo. 2000).

*Boucher v. State*, 2012 WY 145, ¶ 6, 288 P.3d 427, 429 (Wyo. 2012).

## DISCUSSION

[¶7]   Mr. Bulisco claims the district court abused its discretion by relying upon inaccurate information provided by the State, i.e., that he had a prior felony conviction for fourth-degree domestic assault, when denying his motion for sentence reduction. He requests we remand the matter to the district court to allow it to consider his motion anew, based on accurate information. The State concedes on appeal (as it did in the district court) that it

2

misstated Mr. Bulisco's criminal history to the district court and admits due process requires a court to consider only accurate information when determining whether to reduce a sentence. However, it maintains Mr. Bulisco has not met his burden of showing the district court actually relied upon the inaccurate information.

[¶8]    We are not convinced that Mr. Bulisco did not have a prior felony conviction for fourth-degree domestic assault. The PSIR (which appears to be the only document relied upon by the State) contains a table for each of Mr. Bulisco's prior convictions. Relevant here, the table for Mr. Bulisco's December 29, 2004, offense against his former girlfriend noted the "Convicted Offense & Type (M/F)" was "Domestic Assault-4th Degree (F)." With respect to the "Disposition and Date" of this conviction, the table provided in relevant part:

> 7/11/2005, Arrested on warrant.
> 10/20/2005, Guilty. Sentenced to six months jail and 36 months probation, fines/fees of $1137.00. Conditions include completion of a substance abuse evaluation, anger management and domestic batterer's intensive program. Per plea agreement, *other charges of Possession of a Controlled Substance (M), Harassment (M) and Domestic Assault-4th Degree (F) were dismissed . . . .*

(Emphasis added). It appears that with respect to his December 29, 2004, actions, Mr. Bulisco was charged with two counts of felony fourth-degree domestic assault, one count of misdemeanor possession of a controlled substance, and one count of misdemeanor harassment. While one count of felony fourth-degree domestic assault was dismissed, he was convicted of the other.[1]

[¶9]    In the PSIR table, the probation officer stated "[v]erification [was] [r]equired" concerning the December 29, 2004, offense and she had "requested a copy of the report" but had "not received the information as of the submission of this [PSIR]." However, in the "Summary and Sentencing Recommendation" section of the PSIR, the probation officer stated: "[Mr. Bulisco]'s criminal history consists of Theft, Theft – 2nd Degree X 2, Theft – 3rd Degree, misdemeanor Domestic Assault x 3, Forgery *and felony Domestic Assault. [Mr. Bulisco] reports that he was unaware of being convicted of the prior felony of Domestic Assault; however, records received from the sentencing Court verify this information.*" (Emphasis added). At sentencing, Mr. Bulisco did not object to the PSIR for misstating his criminal history and argued only that "most of" his criminal history

---

[1] Oregon law apparently classifies this fourth-degree domestic assault as a felony because Mr. Bulisco had a previous domestic assault conviction against the same victim (his former girlfriend). *See* Or. Rev. Stat. § 163.160(1), (3), (4) (stating fourth-degree assault constituting domestic violence is a Class C felony if the defendant has a previous conviction for first, second, third, or fourth degree assault "and the victim in the previous conviction is the same person who is the victim of the current crime").

3

consisted of misdemeanors. Nor did he object when the district court noted at sentencing that he had "a prior felony domestic violence conviction." Thus, the record does not definitively demonstrate the district court had inaccurate information when it denied Mr. Bulisco's motion for sentence reduction. In any event, even if the information was inaccurate and Mr. Bulisco did not have a prior felony fourth-degree domestic assault conviction, the district court did not abuse its discretion by denying his motion for sentence reduction because Mr. Bulisco has not shown that the court, in fact, relied upon the inaccurate information.

[¶10] Rule 35 allows a defendant to seek a reduction in his sentence within one year of the original sentence becoming final. Rule 35(a), (b). "The purpose of Rule 35 'is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant.'" *Boucher*, ¶ 10, 288 P.3d at 430 (quoting *Patrick v. State*, 2005 WY 32, ¶ 9, 108 P.3d 838, 841 (Wyo. 2005), and *Nelson v. State*, 733 P.2d 1034, 1035 (Wyo. 1987)). "The sentencing judge is in the best position to decide if a sentence modification is appropriate . . . and is free to accept or reject information submitted in support of a sentence reduction at its discretion." *Id.* (citing *Capellen v. State*, 2007 WY 107, ¶ 29, 161 P.3d 1076, 1084 (Wyo. 2007), and *Hodgins v. State*, 1 P.3d 1259, 1262 (Wyo. 2000)). Due process, however, "requires that the court consider only accurate information in imposing sentence." *Sandoval v. State*, 2009 WY 121, ¶ 8, 217 P.3d 393, 395 (Wyo. 2009) (citing *Manes v. State*, 2004 WY 70, ¶ 9, 92 P.3d 289, 292 (Wyo. 2004)). *See also, Hubbard v. State*, 2008 WY 12, ¶ 24, 175 P.3d 625, 630 (Wyo. 2008) ("[A] sentencing decision cannot be based upon unreliable information, undocumented information, or inaccurate information[.]") (citation omitted). We have applied this same principle to a district court's consideration of a motion for sentence reduction. *Sanchez v. State*, 2013 WY 159, ¶¶ 16-17, 314 P.3d 1177, 1180-81 (Wyo. 2013). "Nevertheless, a showing that inaccurate information was presented to the court will not necessarily justify a reversal; '*the defendant must demonstrate that the trial court relied upon the statements . . . to prevail.*'" *Sandoval*, ¶ 8, 217 P.3d at 395-96 (quoting *Manes*, ¶ 9, 92 P.3d at 292, and citing *Hubbard*, ¶ 19, 175 P.3d at 629).

[¶11] Mr. Bulisco admits it is "difficult . . . in the present case" for him to meet his burden of showing the district court relied upon the State's misrepresentation of his criminal history given the court did not articulate specific grounds for denying his motion for sentence reduction. However, because the district court stated it had reviewed the State's response when denying his motion and the State's response contained the misrepresentation, he claims the misrepresentation "must have conceivably gone into its decision." He also points out that the district court was obviously not aware that the current offense was his first felony domestic violence conviction because it stated at sentencing that he had a prior felony domestic violence conviction.

4

[¶12]   The record reveals the district court reviewed Mr. Bulisco's motion for sentence reduction and the State's response and was "otherwise well-advised in the premises" prior to denying the motion for sentence reduction.  It does not indicate, however, what information the court relied upon when denying the motion, let alone that the court relied upon the State's misrepresentation that Mr. Bulisco had a prior felony fourth-degree domestic assault conviction when denying the motion.  Moreover, while the district court reviewed the State's response to Mr. Bulisco's motion and the State's response contained the misrepresentation, the court also had Mr. Bulisco's PSIR which, according to the parties, accurately stated his criminal record.  *See Sanchez*, ¶ 12, 314 P.3d at 1180 (finding district court did not abuse its discretion by denying Mr. Sanchez's motion for sentence reduction; "nothing in the record indicates the district court relied on [the State's inartful statement that the gaps in Mr. Sanchez's criminal history stem from his incarcerations] in reaching its decision" and "[i]n fact, the district court not only had the parties' briefs to consider, but additional material such as the appellant's [PSIR]").  Because Mr. Bulisco has failed to show the district court actually relied upon the State's misrepresentation of his criminal history when denying his motion for sentence reduction, we cannot say the court abused its discretion by denying the motion.

## CONCLUSION

[¶13]   We affirm the district court's denial of Mr. Bulisco's motion for sentence reduction.

5