# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 92

APRIL TERM, A.D. 2023

September 22, 2023

SHELDON SCOTT BUCKINGHAM,

Appellant
(Defendant),

v.

S-23-0089

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Fremont County*
*The Honorable Kate G. McKay, Judge*

*Representing Appellant:*
Sheldon Scott Buckingham, pro se.

*Representing Appellee:*
Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Kristine D. Rude, Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Chief Justice.**

[¶1]   Sheldon Scott Buckingham, appearing pro se, appeals the district court's denial of his motion for sentence reduction. We conclude the court erred in ruling that Mr. Buckingham's motion was untimely, but the error was harmless because the court also properly considered the merits of the motion. We thus affirm.

## ISSUES

[¶2]   Mr. Buckingham presents four issues on appeal which we consolidate and restate as:

> 1. Did the district court err in ruling that Mr. Buckingham's motion for sentence reduction was untimely?
>
> 2. Did the district court abuse its discretion in denying Mr. Buckingham's motion for sentence reduction?

## FACTS

[¶3]   In 2020, a jury found Mr. Buckingham guilty of aggravated burglary, two counts of aggravated assault and battery, property destruction, interference with emergency calls, battery, and stalking. The district court sentenced him to consecutive prison terms of six to ten years for the two aggravated assault and battery charges. It imposed an additional consecutive prison term of five to twenty years for the aggravated burglary charge but suspended the sentence in favor of seven years of supervised probation. It imposed shorter sentences for the other charges, to run concurrently with the sentence for the second aggravated assault charge. The sentence totaled twelve to twenty years followed by seven years of probation.

[¶4]   Mr. Buckingham filed a notice of appeal and a W.R.A.P. 21 motion for a new trial. The district court denied the Rule 21 motion in December 2021, and in August 2022, this Court affirmed that denial and conviction. *Buckingham v. State*, 2022 WY 99, 515 P.3d 615 (Wyo. 2022). The Court issued its mandate on September 7, 2022.

[¶5]   On October 28, 2022, Mr. Buckingham filed a motion for sentence reduction. In support of his motion, he cited his post-sentencing diagnosis of an acute adjustment disorder and the positive steps he had taken while incarcerated to accept responsibility for his actions, understand and control his anger, and prepare for reentry into the community. In February 2023, after the original sentencing judge had retired, the district court denied Mr. Buckingham's motion for sentence reduction. The court explained:

3.     The court appreciates Mr. Buckingham's success and hard work while incarcerated. However, such success is an issue for the parole board and the Department of Corrections related to good time. It is not a basis for a reduction in sentence in this case.

4.     First, the motion is untimely. Pursuant to Wyoming Rule of Criminal Procedure 35(b), which governs sentence modifications, requires a motion for sentence reduction to be filed within one year of the sentence. The sentence in this case was entered in September 2020, more than two years before the motion to reduce sentence was filed.

5.     Second, even if the court could consider the untimely motion, the purpose of Rule 35 "is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant." *Boucher v. State*, 2012 WY 145, ¶ 10, 288 P.3d 427, 430 (Wyo. 2012) (citations omitted). The sentencing judge is in the best position to decide if a sentence modification is appropriate and is free to accept or reject information submitted in support of a sentence reduction at its discretion. *Id*.

6.     Again, the court understands Mr. Buckingham's request and his success in programs after his sentence was imposed. However, as noted earlier in this order, those successes are some of the intended results of incarceration and the rehabilitative programs offered through the Department of Corrections. These successes are factors for the Department of Corrections to consider with respect to good time and at the time parole is considered. They are not a basis, in the circumstances of this case, to reconsider the sentence originally imposed. The court encourages Mr. Buckingham to continue his hard work during the remainder of his sentence and any period of probation that may arise when he has an opportunity for parole.

### STANDARD OF REVIEW

[¶6]    "Because the failure to file a timely Rule 35(b) motion for sentence reduction deprives a district court of jurisdiction to consider it, we review the question of its

timeliness de novo." *Mitchell v. State*, 2020 WY 131, ¶ 8, 473 P.3d 1255, 1258 (Wyo. 2020) (citing *Shue v. State*, 2016 WY 15, ¶¶ 6, 8, 367 P.3d 645, 647 (Wyo. 2016)). Otherwise we review the district court's ruling for an abuse of discretion.

> The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion. The sentencing judge is in the best position to decide if a sentence modification is appropriate and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.

*Harper v. State*, 2023 WY 49, ¶ 5, 529 P.3d 1071, 1073 (Wyo. 2023) (quoting *Mitchell*, 2020 WY 131, ¶ 7, 473 P.3d at 1257).

### *DISCUSSION*

### I. *The district court erred in ruling that Mr. Buckingham's motion for sentence reduction was untimely, but because the court ruled on the merits of the motion rather than dismissing it for lack of jurisdiction, the error was harmless.*

[¶7]   Mr. Buckingham filed his motion for sentence reduction within two months of this Court's mandate affirming his conviction. Rule 35(b) allows a motion for sentence reduction "within one year after the sentence is imposed or probation is revoked, or ***within one year after receipt by the court of a mandate issued upon affirmance of the judgment*** or dismissal of the appeal[.]" W.R.Cr.P. 35(b) (emphasis added). Mr. Buckingham's motion was therefore timely, and the district court erred in ruling otherwise.

[¶8]   Despite the district court's mistaken ruling, it did not dismiss Mr. Buckingham's motion, which is the required result if a motion for sentence reduction is untimely. *Hitz v. State*, 2014 WY 58, ¶ 11, 323 P.3d 1104, 1106 (Wyo. 2014) ("[I]f a motion to reduce a sentence is filed outside of the prescribed time limits, the district court is deprived of jurisdiction to hear the motion.") (quoting *Tomlin v. State*, 2001 WY 121, ¶ 6, 35 P.3d 1255, 1256 (Wyo. 2001)). Because the court did not dismiss Mr. Buckingham's motion, it

is apparent it considered the merits of the motion and denied it on that basis. *See Alford v. State*, 2017 WY 105, ¶ 12, 401 P.3d 902, 904 (Wyo. 2017) ("In the absence of a finding that the motion was untimely and a dismissal of the motion for lack of jurisdiction, we read the order as an exercise of the court's discretion to deny the motion based on the court's consideration of the motion and entire file."). The court's timeliness finding did not affect Mr. Buckingham's right to have his motion heard, and we may disregard it as harmless error. *See* W.R.A.P. 9.04; *Matter of Estate of Fisher*, 2023 WY 25, ¶ 32, 526 P.3d 901, 911 (Wyo. 2023) ("Wyoming Rule of Appellate Procedure (W.R.A.P.) 9.04 directs us to disregard any 'error, defect, irregularity or variance which does not affect substantial rights.'").

## II. The district court did not abuse its discretion in denying Mr. Buckingham's motion for sentence reduction.

[¶9]     Mr. Buckingham contends that the district court abused its discretion in denying his motion for sentence reduction in three ways. First, he asserts the court took the position it could not rule on his motion because the original sentencing judge had retired. Mr. Buckingham misapprehends the court's ruling.

[¶10]   In ruling on the merits of Mr. Buckingham's motion, the district court recited the purpose of a motion for sentence reduction, which "is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant." *Harper*, 2023 WY 49, ¶ 6, 529 P.3d at 1073 (quoting *Mitchell*, 2020 WY 131, ¶ 11, 473 P.3d at 1258); *see also Boucher*, 2012 WY 145, ¶ 10, 288 P.3d at 430. It also observed, in keeping with our precedent, that a sentencing judge is in the best position to decide whether a sentence reduction is warranted.

[¶11]   These statements are not an indication the district court was declining to rule on his motion. The statements that a motion for sentence reduction is a second round before the sentencing judge, and the sentencing judge is in the best position to rule on the motion, are statements of our longstanding legal precedent. The precedent refers to the deference this Court gives to a district court's sentencing decision, and the term sentencing judge is not a reference to a specific judge but rather to the sentencing court. *See* W.R.Cr.P. 35(b) (requiring the "court" to determine the motion); *Harper*, 2023 WY 49, ¶ 8, 529 P.3d at 1074 (using the term district court rather than sentencing judge); *Mitchell*, 2020 WY 131, ¶ 11, 473 P.3d at 1258 (using the term sentencing court rather than sentencing judge). In quoting this precedent, the court merely recited our legal precedent. It did not decline to rule, as illustrated by the court's statement that it understood Mr. Buckingham's request and his efforts while incarcerated, but that was "not a basis, in the circumstances of this case, to reconsider the sentence originally imposed."

[¶12] Mr. Buckingham next contends the original sentencing judge had sufficient time and an obligation to rule on his motion before retiring. As noted above, neither W.R.Cr.P. 35(b) nor our precedent requires a particular judge to rule on a motion for sentence reduction. The requirement is that the court rule on it. As to the timing of the ruling, W.R.Cr.P. 35(b) requires only that the court "determine the motion within a reasonable time." Mr. Buckingham filed his motion on October 28, 2022, and the district court issued its order denying the motion on February 13, 2023. There was no unreasonable delay in the court's ruling.

[¶13] Mr. Buckingham finally contends the district court abused its discretion because it considered only his progress while incarcerated and failed to revisit the presentence investigation and the "many mitigating factors, concerns of facts, laws and expert testimony" that complicated his case. He further contends the court abused its discretion in failing to grant his request for a video hearing before ruling on his motion. We disagree.

[¶14] The new information Mr. Buckingham presented in his motion and asked the district court to consider as grounds to reduce his sentence was his progress while incarcerated, and the court considered that. He did not ask the court to revisit the presentence investigation or address concerns of facts, laws, and expert testimony. We will not, on appeal, consider these new arguments as a basis to find an abuse of discretion. *See Harper*, 2023 WY 49, ¶ 7, 529 P.3d at 1073-74 (declining to consider new grounds in reviewing sentencing court's denial of motion for sentence reduction). Additionally, the district court was not required to hold a hearing before ruling on Mr. Buckingham's motion. W.R.Cr.P. 35(b) ("The court may determine the motion with or without a hearing.").

[¶15] Affirmed.

5